IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMOJI COMPANY GmbH,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No.: 21-cv-1739<br><br>Judge John Robert Blakey |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

    Plaintiff submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

MEMORANDUM OF LAW

I.   INTRODUCTION

Plaintiff EMOJI COMPANY GmbH brings the present action against the Defendants identified in Schedule A to the Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III).  As alleged in Plaintiff's Complaint, the Defendants are promoting, advertising, distributing, offering for sale, and selling products infringing Plaintiff's EMOJI Trademarks (the "Counterfeit EMOJI Products") through various fully interactive commercial Internet websites operating under at least the Defendant Domain Names and Online Marketplace Accounts listed in Schedule A (collectively, the "Defendant Internet Stores").

II.   STATEMENT OF FACTS

On April 9, 2021, this Court granted Plaintiff's Motion for a Temporary Restraining Order ("the TRO").  *See* Docket Entries 20, 21. The TRO was extended on April 22, 2021 to May 7, 2021. *See* Docket Entry 26. The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website to which the Defendants' Domain Names which are transferred to Plaintiff's control redirect, or by sending an email to the email addresses identified in Schedule A to the Complaint and any email addresses provided for Defendants by third parties that includes a link to said website.  TRO at ¶ 9.  Since and pursuant to entry of the TRO, dozens of Amazon accounts owned by the Defendant Internet Stores have been frozen.  *See* Declaration of Michael A. Hierl (hereinafter "Hierl Declaration") at ¶ 2. Joom.com (Joom) has not yet complied with the TRO in this matter.

2

*Id.* at ¶ 2. Plaintiff's counsel has been attempting to confirm that the Joom accounts have been frozen.

Plaintiff respectfully requests this Court to enter a preliminary injunction against Defendants, so that Defendants remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit EMOJI Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that the Defendant Domain Names remain in Plaintiff's control and that Defendants' Amazon and Joom accounts remain frozen until completion of these proceedings.

### III. ARGUMENT

#### a) A Preliminary Injunction Extending Relief Already Granted in the TRO is Appropriate

Plaintiff respectfully requests this Court to enter a preliminary injunction to prevent further unlawful conduct by Defendants. Courts in this District, in addressing similar allegations of Internet-based counterfeiting, have previously issued preliminary injunctions following a temporary restraining order. *See, e.g., Michael Kors, L.L.C. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 13-cv-8612 (N.D. Ill. Dec. 5, 2013) (unpublished) (Order granting Ex Parte Motion for Temporary Restraining Order); and *Calvin Klein Trademark Trust, et al. v. The Partnerships, et al.*, No. 13-cv-8186 (N.D. Ill. Nov. 19, 2013) (unpublished) (Order granting Ex Parte Motion for Temporary Restraining Order).

##### i) This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standards for granting a TRO and the standards for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary

restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiffs' favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

ii) **The Equitable Relief Sought Remains Appropriate**

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark ...." 15 U.S.C. § 1116(a).

(1) The Domain Name Transfer Order Remains Appropriate

Plaintiff seeks entry of a preliminary injunction allowing Plaintiff to retain control of the Defendants' Domain Names until the completion of these proceedings. To prevent the Defendants from further manufacture, importation, distribution, offering for sale, and sale of Counterfeit EMOJI Products and to provide notice to Defendants regarding these proceedings, Plaintiff respectfully requests that the injunctive relief already awarded remain through the pendency of this case.

(2) The Asset Restraining Order Remains Appropriate

Plaintiff also requests entry of a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Plaintiff is awaiting receipt of information from Amazon and Joom, including the identification of Amazon and Joom accounts linked to the Defendants' Internet Stores which were offering for sale and/or selling infringing EMOJI Products. In the absence of a preliminary injunction, Defendants may attempt to move any

assets from any accounts in U.S.-based financial institutions to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings. The amount of damages to which Plaintiff is entitled as set forth in the Complaint most likely exceeds any amount contained in any of the Defendants' frozen accounts. For example, Plaintiff's prayer for relief requests statutory damages of $2 million from each Defendant. In addition, and as established in Plaintiff's TRO Memorandum, many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005); *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); and *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). As such, an order continuing to freeze the Defendants' assets should be granted.

**IV. CONCLUSION**

In light of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction.

Respectfully submitted,

Dated: May 4, 2021

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com
wkalbac@hsplegal.com
rmcmurray@hsplegal.com
Attorneys for Plaintiff
EMOJI COMPANY GmbH

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies on May 4, 2021 that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system.

*/s/ Michael A. Hierl*
