UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMOJI COMPANY GmbH, | ) |
| | ) Case No. 21-cv-1739 |
| Plaintiff, | ) |
| | ) Judge: Hon. John Robert Blakey |
| v. | ) |
| | ) Magistrate Judge Jeffrey Cole |
| THE INDIVIDUALS, CORPORATIONS, | ) |
| LIMITED LIABILITY COMPANIES, | ) JURY TRIAL DEMANDED |
| PARTNERSHIPS, AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE A HERETO, | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF CAMERON NELSON**

I, Cameron M. Nelson, declare that:

1. I am a shareholder at Greenberg Traurig, LLP and represent PlanetArt, LLC ("CafePress") in this matter.

2. On the evening of Tuesday, May 18, 2021, I sent an email to Plaintiff's counsel advising them that CafePress does not belong in this lawsuit, and asking Plaintiff's counsel for sealed copies of (a) Exhibit 2 to the Reiter Declaration (Docket Nos. 10-15), (b) the sealed order dated April 9, 2021 (Docket No. 21), and (c) copies of any and all documents which reflect Plaintiff's efforts to serve CafePress with notice of either the lawsuit or any motion in this matter. (Ex. A.) I also asked Plaintiff's counsel to call me and provided both my office and mobile numbers. Plaintiff has never provided me with the requested sealed documents, even though Plaintiff's counsel promised in its motion to seal (Docket No. 5) to move to unseal documents after the TRO was served, and even though the Court ordered these documents unsealed on May 6th. (Docket No. 30.)

3. I did not hear from Plaintiff's counsel on Tuesday evening, or on Wednesday. I left several voice mail messages with Plaintiff's counsel on Wednesday, none of which were returned. I sent another email at the close of business Wednesday, May 19, 2021. In that email I reiterated that CafePress did not belong in this lawsuit, that it appeared Plaintiff had never served CafePress, and that Plaintiff's seizure of CafePress' Amazon account appears to have been illegal. (Ex. B.) I implored Plaintiff's counsel to drop CafePress from this lawsuit and told Plaintiff's counsel that I was going to begin work on a motion to vacate Tuesday evening. (Id.)

4. I received no response from Plaintiff's counsel Wednesday evening. On Thursday morning, I received an email from Plaintiff's counsel – the first response I received from Plaintiff – offering to speak at 3:00 p.m. on Thursday. Plaintiff's counsel did not forward any of the sealed pleadings I had requested.

5. When I spoke with Plaintiff's counsel on Thursday, May 20, 2021, I reiterated that Plaintiffs' counsel should never have included CafePress in this litigation, and reiterated my request for documents relating to service, as well as the sealed documents.

6. Later on Thursday, Plaintiff's counsel sent a proposed settlement agreement which would have dismissed CafePress from this case, but only on the condition that CafePress acknowledge the purported validity of Plaintiff's trademarks and promised not to infringe those marks in the future.

7. At the same time on Thursday that Plaintiff's counsel was *not* responding to my request for documents relating to service, Plaintiff's counsel obtained a summons from the Clerk on May 20, 2021, and emailed the summons and other pleadings to CafePress (and, according to the return of service, the other defendants). (Dkt. No. 32.)

8. On Friday, May 21, 2021, I advised Plaintiff's counsel that our client had received the summons, and pointed out that no rule permits entry of a preliminary injunction without notice. (Ex. C.) I encouraged Plaintiff's counsel to take immediate steps to unfreeze CafePress' Amazon account, and to respond to me in writing confirming they were doing so. I also asked Plaintiff's counsel to explain why they thought they had any authority to keep the preliminary injunction or asset freeze in place. I received no response on Friday, Saturday, and most of Sunday. I received an email from Plaintiff's counsel Sunday, May 23, 2021 at 7:34 p.m., but once again, Plaintiff's counsel had not answered any of my questions. Plaintiff's counsel did not provide any documents relating to service, did not provide any of the sealed documents, did not confirm that they were moving immediately to unseal CafePress' Amazon account, did not provide any of the additional documents I had requested on Friday, and did not provide any explanation why they believed the asset freeze and preliminary injunction to be valid in the first place in view of the apparent lack of service.

9. I advised Plaintiff's counsel Sunday evening that we intended to bring these matters to the Court. Monday morning, Plaintiff filed its attempted Rule 41(a) dismissal.

10. By Sunday evening I had already drafted CafePress' motion to vacate. On Monday and Tuesday, I had to revise that draft in view of Defendants' Rule 41(a) dismissal

11. I have run an estimate of time and fees invested in this matter on behalf of CafePress. As of Monday afternoon, total fees in our billing system were approximately $8,640. I estimate we have spent *at least* another $4,000 in researching the Rule 41(a) issues and revising the motion to vacate since Monday.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 26, 2021

By:   <u>/s/ Cameron M. Nelson</u>

      Cameron M. Nelson

## CERTIFICATE OF SERVICE

      I hereby certify that on the date set forth below, I electronically filed the foregoing **DECLARATION OF CAMERON M. NELSON** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.

Dated: May 26, 2021           /s/ Cameron M. Nelson

# Exhibit A

# Exhibit A

| | |
|---|---|
| **From:** | Nelson, Cameron (Shld-Chi-IP-Tech) |
| **To:** | "mhierl@hsplegal.com"; "wkalbac@hsplegal.com"; "rmcmurray@hsplegal.com" |
| **Cc:** | Ballon, Ian (Shld-LA-SV-LT-IP-TECH-ENT) |
| **Subject:** | Emoji / Cafe Press |
| **Date:** | Tuesday, May 18, 2021 6:59:00 PM |
| **Attachments:** | image001.png |

Counsel,

We represent Café Press in connection with your recently-filed Emoji-company matter. Café Press is a well-established U.S. company that has been in been in operation since the late 1990's. It is not a counterfeiter and does not fit in with the other companies you filed this lawsuit against. Café Press has not concealed its identity, has not changed its domain name for over twenty years, and has done nothing to "evade" anyone. Café Press does not belong in this lawsuit.

Please provide us, on an attorneys-eyes-only basis, copies of:
a. Exhibit 2 to the Reiter Declaration (Docket Nos. 10-15)
b. The sealed order dated April 9, 2021 (Docket No. 21)
c. Copies of any and all documents which reflect your efforts to serve Café Press with notice of either the lawsuit or any motion in this matter.

Please also give me a call at your earliest convenience to discuss removing Café Press from this lawsuit as quickly as possible. My office phone is 312.456.6590, and my mobile number is 708.227.7106.

Cameron


**Cameron M. Nelson**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.6590 | F +1 312.899.0360 | C +1 708.227.7106
NelsonC@gtlaw.com | www.gtlaw.com | View GT Biography



# Exhibit B

| | |
|---|---|
| **From:** | Nelson, Cameron (Shld-Chi-IP-Tech) |
| **To:** | mhierl@hsplegal.com; wkalbac@hsplegal.com; rmcmurray@hsplegal.com |
| **Cc:** | Ballon, Ian (Shld-LA-SV-LT-IP-TECH-ENT) |
| **Subject:** | RE: Emoji / Cafe Press |
| **Date:** | Wednesday, May 19, 2021 5:39:00 PM |
| **Attachments:** | image001.png |

Mr. Hierl, Mr. Kalbac, and Mr. McMurray,

I have made several attempts to reach you in the past 24 hours, including multiple emails and voice mail messages.

As I wrote yesterday, you have improperly included Café Press in your lawsuit. Café Press is a well-known, well-established US-based company, which has been in operation since the late 1990's.

The allegations listed in your complaint, and the arguments submitted in your motions, do not apply to Café Press. What's more, Café Press is unaware of any attempt by you or your firm to serve Café Press with any legal process or motion. It appears to us you have illegally seized Café Press' Amazon account without any factual basis, that you failed to provide notice of the TRO and of your motion for preliminary injunction. In addition to your clear violations of Rule 11 and failure to conduct an adequate pre-filing investigation, you are now ignoring my message and refusing to disclose sealed documents relevant to your improper naming of Café Press as a defendant. It is worth noting that there is much in your moving papers about emergency relief, yet you cannot be bothered to respond to an email.

I had hoped to address these issues with you informally. The wisest course of action for you is to immediately remove Café Press from this lawsuit. I urge you to call me immediately, as have no repeatedly requested that you do.

This evening, if I do not hear from you, I am going to begin work on motions to vacate the preliminary injunction and asset freeze, and for an order to show cause why you and your client should not be sanctioned for false statements made to the Court as applied to our client.

I remain available at 312.456.6590 and at 708.227.7106.

Cameron


**Cameron M. Nelson**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.6590 | F +1 312.899.0360 | C +1 708.227.7106
NelsonC@gtlaw.com | www.gtlaw.com | View GT Biography



Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London*. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. New Jersey. New York. Northern Virginia. Orange

# Exhibit C

| | |
|---|---|
| **From:** | Nelson, Cameron (Shld-Chi-IP-Tech) |
| **To:** | "William B. Kalbac"; Michael A. Hierl; "Robert McMurray" |
| **Cc:** | Ballon, Ian (Shld-LA-SV-LT-IP-TECH-ENT) |
| **Subject:** | RE: Emoji / Cafe Press |
| **Date:** | Friday, May 21, 2021 5:48:00 PM |
| **Attachments:** | image001.png |
| | Settlement Agreement - CafePress Suggested Revisions.docx |

Bill,

We received today a copy of a summons issued in this case – the only summons ever issued in this case. The TRO issued on April 9th. It would appear from this summons, issued yesterday, that your firm *never* served *any* of the defendants with the TRO, and that your firm pursued a preliminary injunction motion without giving notice of that motion to *any* defendant. As you well know, there is no rule that permits entry of a preliminary injunction without notice.

We are struggling to understand your absolute disregard for basic principles such as notice. Further, while you have apparently treated this matter with a lack of urgency up through today, the matter *is* indeed urgent and we do expect the courtesy of your responding to our emails and phone calls.

Please respond via phone or email *today* to confirm that you have taken steps to unfreeze CafePress' Amazon accounts. If you have not taken any such steps, please provide us with your explanation for why you think you have the authority to maintain this freeze when you failed to provide any notice of your preliminary injunction motion. Please note we will be providing your explanation to the Court.

Finally, I have a attached a redline of your proposed settlement agreement. Please note I do *not* have CafePress' approval of this redline yet, and they may ask for additional terms that are not yet reflected in this draft. Nevertheless, we would appreciate your prompt review and comments of these proposed revisions, as we need to know urgently whether we are moving towards a settlement of this matter or whether we should instead should be finishing our motions to vacate.

Cameron

**Cameron M. Nelson**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.6590 | F +1 312.899.0360 | C +1 708.227.7106
NelsonC@gtlaw.com | www.gtlaw.com | View GT Biography

