UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMOJI COMPANY GmbH, | ) | |
| | ) | Case No. 21-cv-1739 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. John Robert Blakey |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| THE INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A HERETO, | ) | |
| | ) | |
| Defendants. | ) | |

**CAFEPRESS' MOTION FOR FEES, COSTS, AND SANCTIONS BASED ON MATERIAL MISREPRESENTATIONS TO THE COURT**

PlanetArt, LLC, the owner of the CafePress website and brand ("CafePress"), hereby moves for an award of fees, costs and sanctions pursuant to Rule 65, pursuant to the Court's inherent powers, and as the prevailing party in an exceptional case pursuant to the Lanham Act.

As set forth in greater detail in the accompanying memorandum, the Declaration of Cameron Nelson in Support of Motion for Fees, Costs and Sanctions, the Declaration of Dean Eric Goldman, and the supporting exhibits, an award of fees, costs and sanctions is appropriate.

Sanctions under Rule 65 and the Court's inherent powers are appropriate because Plaintiff made a series of material misrepresentations and omissions regarding CafePress, resulting in over $574,000 of CafePress' funds being frozen. Had Plaintiff fully and accurately informed the Court of the facts Plaintiff knew or should have known, the injunction would never have issued.

Plaintiff compounded the problem by deliberately failing to serve the temporary restraining order or preliminary injunction on CafePress, which serves as independent and additional grounds to sanction Plaintiff.

CafePress is also the prevailing party in an exceptional case under the Lanham Act, 15 U.S.C. § 1117(a). Plaintiff capitulated in this case by filing a Rule 41 dismissal with prejudice only *after* CafePress informed Plaintiff that it had prepared a motion for sanctions and the filing of the motion was imminent. Further, Plaintiff's material misrepresentations and omissions and other behavior detailed in the accompanying memorandum render this case clearly exceptional.

For these and other reasons set forth in the accompanying memorandum, supporting declarations and exhibits, the Court should enter sanctions under Rule 65, and under its inherent powers, and should award CafePress its fees and costs pursuant to the Lanham Act, as set forth in the proposed order submitted to the Court herewith.

CafePress respectfully requests oral argument on the matters set forth herein.

Respectfully submitted,

Dated: August 16, 2021

PlanetArt, LLC

BY: /s/ Cameron M. Nelson
Cameron M. Nelson
GREENBERG TRAURIG, LLP
77 West Wacker Dr., Suite 3100
Chicago, Illinois 60601
Tel: 312-456-8400
nelsonc@gtlaw.com

Ian C. Ballon (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: 310-586-7700
ballon@gtlaw.com

Attorneys for PlanetArt, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing **CAFEPRESS' MOTION FOR FEES, COSTS, AND SANCTIONS BASED ON MATERIAL MISREPRESENTATIONS TO THE COURT** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.

Dated: August 16, 2021                         /s/ Cameron M. Nelson
                                               CAMERON M. NELSON