1UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMOJI COMPANY GmbH, ) | |
| ) | Case No. 21-cv-1739 |
| Plaintiff, ) | |
| ) | Judge: Hon. John Robert Blakey |
| v. ) | |
| ) | Magistrate Judge Jeffrey Cole |
| THE INDIVIDUALS, CORPORATIONS, ) | |
| LIMITED LIABILITY COMPANIES, ) | JURY TRIAL DEMANDED |
| PARTNERSHIPS, AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE A HERETO, ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF CAMERON NELSON IN SUPPORT OF MOTION FOR FEES, COSTS AND SANCTIONS**

I, Cameron M. Nelson, declare that:

1. I am a shareholder at Greenberg Traurig, LLP and represent PlanetArt, LLC ("CafePress") in this matter.

2. As set forth in prior filings and in a declaration previously submitted to the Court, CafePress was not served or given notice of these proceedings prior to the time Plaintiff sought and obtained (without service or notice, and consequently without opposition) a Temporary Restraining Order, asset freeze, and Preliminary Injunction. (See, e.g., Bloxberg Decl., Dkt. No. 35-2.) PlanetArt's CEO Roger Bloxberg submitted a declaration stating PlanetArt first became aware of this lawsuit when it received a Bloomberg docket notification on May 17, 2021, which alerted Planet Art to the Preliminary Injunction obtained by Emoji Company GmbH ("Emoji Co."). This was eleven days after the preliminary injunction issued.

3. In an abundance of caution, I have given Plaintiff's counsel several opportunities to provide any evidence it has to the contrary – evidence demonstrating they served the TRO,

motion for preliminary injunction, or preliminary injunction on CafePress or any other party before late May. (See Dkt. Nos. 35, 43, 44, 45.) Plaintiff's counsel has not done so, and explicitly opposed our request for discovery on this point.

4. I and a Greenberg Traurig Associate, Hayley Tharpe (working at my direction), have reviewed the docket sheets for forty-eight cases filed by Plaintiff in the Northern District of Illinois to assess whether Plaintiff and its counsel are timely serving the parties in these cases. We examined each docket to see if there is evidence that Plaintiff and its counsel served the defendants prior to obtaining a preliminary injunction. We prepared a chart, attached as Ex. 1, detailing our findings. The docket sheets we examined, as well as key orders from these dockets, are also attached.

5. In these other cases, I have not been able to locate any documents filed by Plaintiff's counsel relating to service other than (a) the return of service of the summons, and/or (b) a declaration regarding service that Plaintiff and its counsel have filed with their motions for default. Particularly, while Plaintiff routinely seeks permission to serve the defendants by email, and to set up a website hosting the case pleadings, I have not seen any supporting documentation (i.e., emails or screenshots of the purported website) filed with the Court in any of the cases we reviewed to show that this in fact happened. As noted below, other judges in this District have entered orders questioning whether this ever occurred.

6. With respect to CafePress, CafePress is not aware of having received service by email and Plaintiff has repeatedly declined requests to provide any such evidence. CafePress maintains a link on its website for reporting intellectual property violations (Bloxberg Decl., Dkt. No. 35-2, ¶ 13), but received no contact from Plaintiff through that channel. Moreover, PlanetArt, the company that owns the CafePress brand, is a U.S. Corporation located in

California, and there is no reason that Plaintiff could not have effectuated service on CafePress's agent for service of process, which is the normal way that U.S. corporations learn of pending litigation.

7. As demonstrated in the attached chart, in many of Plaintiff's cases, Plaintiff's counsel's own return of service filings and declarations demonstrate that service of the defendants did not occur until after a preliminary injunction issued. In a number of cases, service occurred several months after the preliminary injunction issued. The highlighted cases in the attached chart are the ones where Plaintiff's counsel's own declaration or return of service demonstrates that it did not serve the defendants prior to obtaining a preliminary injunction.

8. In the first case Plaintiff filed in this District, the docket demonstrates that Plaintiff's counsel did not obtain a summons until the day after the Court entered a preliminary injunction. (Ex. 2 at Dkt. No. 35.) The return of service indicates service took place via email that same day. (*Id.*) Nothing in the docket provides any evidence that Defendants were served with any papers prior to the issuance of the summons.

9. In the second case Plaintiff filed in this district, Judge Gottschall raised several questions regarding Plaintiff's conclusory pleadings and whether service ever occurred:

> This court has presided over dozens of Lanham Act cases alleging online counterfeiting, and plaintiffs seeking a preliminary injunction have provided considerably more specific information on matters such as what steps have been taken since the TRO's issuance, service of the TRO, the contents of any frozen financial accounts, any communications received from defendants or third parties on whom the TRO was served, responses to any discovery requests, and similar matters.
>
> The closest plaintiff comes to an update is its representation that "[t]he amounts of damages to which Plaintiff is entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen Wish accounts." Mem. Supp. Mot. Prelim. Injunction 4–5, ECF No. 26. Plaintiff cites no evidence substantiating this claim, and Hierl's does not substantiate it. See ECF No. 27 ¶ 2. What if anything has happened to the accounts of hundreds of other defendants listed on schedule A to the amended complaint has not been explained, even in a

3

> general way. ***This court does not even know for certain that the complaint and TRO have been served on all defendants***…
>
> The motion raises an additional notice question. Its certificate of service states that plaintiff's lawyer served the motion by filing it with the court's CM/ECF system. ECF No. 26 at 6. Because no defendant has appeared, the CM/ECF system did not send notice of the motion to any defendant. ***The record contains no evidence showing that defendants have received notice of plaintiff's motion for preliminary injunction***…

(See Exs. 3 and 3A, emphasis added).

10. As illustrated in Ex. 1, I have identified twenty-four cases filed by Plaintiff and its counsel where the only evidence of service is (a) a summons that issued on or after the day the preliminary injunction issued, and (b) a return of service or affidavit asserting that email service took place after the day the preliminary injunction issued. In some of these cases, service did not take place for several months after the preliminary injunction issued.

11. In Case No. 20-cv-05699, Plaintiff's counsel submitted an affidavit that cannot be correct. Plaintiff's counsel swears he served the complaint, TRO and summons on September 29, 2020, but this is impossible because the summons did not issue until December 22, 2020. (See Ex. 15 at Dkt. No. 41, and Ex. 15A.) Notably, the declaration says nothing about serving the motion for preliminary injunction. (Ex. 15A.)

12. In Case No. 20-cv-06303, Judge Kness declined to issue a preliminary injunction because of a lack of service:

> Although the memorandum of law Plaintiff has submitted in support of its current motion refers to the electronic service of process the Court authorized previously, neither the memorandum nor the Declaration submitted by Plaintiff establish that the authorized actions relating to service have in fact been taken. More pertinently, Plaintiff has not filed the proof of service required under Rule 4(l) of the Federal Rules of Civil Procedure. Without certification that Plaintiff has provided electronic notice to defendants of the pendency either of this action or the motion for a preliminary injunction, the Court is unwilling to grant further preliminary injunctive relief.

(Ex. 20 at Dkt. No. 27.) Plaintiff's counsel obtained a summons for the first time only

4

after Judge Kness entered this order. (Ex. 20 at Dkt. No. 28.)

13. In Case No. 20-cv-06876, Judge Shah ultimately dismissed the entire case for lack of service. On December 16, 2020 he ordered:

> Plaintiff's counsel is directed to stop submitting proposed orders that cut and paste from other cases without regard to the specifics of this case. Preliminary equitable relief is extraordinary relief and not to be treated cavalierly just because these cases have become routine.

(Ex. 24 at Dkt. No. 18.) On April 19, 2021, he ordered:

> Plaintiff filed an executed summons with a service date of April 16, 2021. Plaintiff filed its complaint in November 2020 and the court authorized issuance of a summons and electronic service of process in December 2020. If a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice. Fed. R. Civ. P. 4(m). Plaintiff never requested an extension of time for service. Given the easy method of electronic service this court authorized, there does not appear to be any good cause for an extension of time. The service appears to be untimely and plaintiff must explain why the court should not dismiss this action as to the remaining defendants without prejudice for untimely service.

(Ex. 24 at Dkt. No. 27.) On April 30, 2021 Judge Shah ordered:

> Plaintiff's statement on service of process explains that plaintiff missed the deadline to serve defendants because plaintiff overlooked the email it received giving it the email addresses of defendants. Plaintiff admits that it did not promptly serve defendants, but notes that defendants have received notice and many defendants have negotiated settlements with plaintiff. Although no defendants have complained about untimely service, plaintiff's mistake does not amount to good cause. Plaintiff's counsel routinely files these types of cases and should have reliable systems in place to process them. These cases, often conducted ex parte and without adversarial presentation, depend on plaintiff's counsel's diligence and reliability. This court authorized a method of service of process that required little to no effort, while at the same time entering extraordinary injunctive relief. Under those circumstances, good cause to justify untimeliness and mistakes requires more than a nonspecific claim of inadvertence. This action is dismissed without prejudice against all defendants for untimely service of process. The preliminary injunction is vacated. Enter judgment and terminate civil case."

(Ex. 24 at Dkt. No. 62.) Oddly, Plaintiff's counsel has been filing "satisfaction of judgments" in this case even though the only judgment in the case is a dismissal of all

5

defendants. (Ex. 24 at Dkt. Nos. 64-76.)

14. In Case No. 21-cv-00407, Judge Lee questioned whether joinder was appropriate, and in response to this question, Plaintiff's counsel narrowed the case to 5 defendants. (Ex. 26 at Dkt. No. 24.) Because so many of the original "Exhibit As" remain sealed in these cases, I am not able to determine of Plaintiff's counsel re-added the other defendants in subsequent cases.

15. In Case No. 21-cv-01012, Judge Seeger preemptively entered an order directing Plaintiff's counsel to file a proof of service and reminding plaintiff's counsel to provide notice to defendants in advance of any preliminary injunction hearing. (Ex. 28 at Dkt. No. 15.)

16. In Case No. 21-cv-01603, Judge Tharpe denied Plaintiff's motion for preliminary injunction twice due to lack of service. (Ex. 33 at Dkt. Nos. 30, 35.)

17. In Case No. 21-cv-01604, Judge Shah preemptively ordered Plaintiff to give defendants notice of any preliminary injunction motion. Plaintiff did not obtain a summons until after this order was entered. (Ex. 34 at Dkt. Nos. 22, 32.)

18. In Case No. 21-cv-02802, Judge Gottschall denied Plaintiff's motion for preliminary injunction for lack of service. (Ex. 45 at Dkt. No. 43; Ex. 45A.) She also declined to accept Plaintiff's counsel's attempts to dismiss individual defendants, citing *Taylor v. Brown*, 787 F.2d 851, 857 (7th Cir. 2015). (Ex. 45 at Dkt. No. 47.) Plaintiff's counsel responded by dismissing this case in its entirety. (Ex. 45 at Dkt. Nos. 53, 54.) Once again, because so many of the "Exhibit As" are sealed in these cases, it's impossible to determine whether Plaintiff's counsel recycled the defendants in this case into a later case.

19. These are just some examples of the orders courts in this District have entered regarding Plaintiff's habit of not providing notice. There are additional orders from judges in this

6

District that address joinder, conclusory allegations, and the appropriate scope of asset freezes. Additional information is contained in the attached Exhibits.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 16, 2021

                                                        By:    /s/ Cameron M. Nelson

                                                                Cameron M. Nelson

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the date set forth below, I electronically filed the foregoing **DECLARATION OF CAMERON M. NELSON IN SUPPORT OF MOTION FOR FEES, COSTS AND SANCTIONS** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.

Dated: August 16, 2021                  /s/ Cameron M. Nelson

                                                       Cameron M. Nelson