IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMOJI COMPANY GMBH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE INDIVIDUALS, CORPORATIONS, ) <br> LIMITED LIABILITY COMPANIES, ) <br> PARTNERSHIPS, and UNINCORPORATED ) <br> ASSOCIATIONS IDENTIFIED ON ) <br> SCHEDULE A HERETO, ) <br> ) <br> Defendants. ) | Case No. 21 C 1739 <br><br> Judge John Robert Blakey |

## ORDER

Based upon the record before it, the Court denies CafePress' motion for fees, costs, and sanctions [78], and denies as moot Plaintiff's motion to strike Goldman's declaration [90] and motion to file an additional declaration [100]. The Court also denies without prejudice Plaintiff's motion for default [97], as Plaintiff has dismissed this case with respect to numerous Defendants since filing that motion. If Plaintiff wishes to proceed in this manner, it must file a new motion, with a revised proposed order and revised Schedule A. Plaintiff shall respond to Defendant JIAJU-DJ's motion to dismiss [115] by 4/8/22, and Defendant JIAJU-DJ shall file any reply by 4/15/22.

## STATEMENT

Plaintiff initiated this trademark infringement suit 3/31/21 with the filing of a complaint [1] and motion for temporary restraining order [8], which included a request for expedited discovery, service of process by email and electronic publication, a temporary transfer of domain names, and a temporary asset restraint. This Court granted the motion on 4/9/21 and entered the order [21]. On Plaintiff's motion, the Court extended the TRO an additional fourteen days, to 5/7/21. *See* [26]. Plaintiff then moved for a preliminary injunction, [27], attaching a declaration demonstrating notice, and the Court granted that motion on 5/6/21, [30], entering the injunction that same day, [31]. Summons issued and was returned executed 5/20/21, making responsive pleadings due 6/10/21. *See* [32].

On 5/24/21, Plaintiff voluntarily dismissed the case with prejudice as to Defendant CafePress, *see* [34]. Two days later, on 5/26/21, CafePress moved to vacate the preliminary injunction [35]; CafePress also sought sanctions and expedited discovery. Based upon the voluntary dismissal, the Court denied CafePress' motion to vacate, but ordered the parties to meet and confer and to file a status report concerning the additional relief CafePress requested, [38]. Unable to reach an agreement, the parties filed separate status reports [43], [44], and CafePress moved to compel discovery [46]. The Court denied the motion to compel, [67]. On 8/16/21, CafePress moved for attorneys' fees, costs, and sanctions based upon material misrepresentations it claims Plaintiff made to the Court [78]; CafePress supported the motion with a memorandum of law [79] and the declarations of Eric Goldman [80] and Cameron Nelson [81]. Plaintiff responded and submitted its own declaration [88], [89], and also moved to strike Goldman's declaration [90]. Plaintiff then sought leave to file an additional declaration [100], which CafePress opposed [104].

As the above recitation makes clear, the sanctions litigation has become the proverbial tail wagging the dog, dramatically eclipsing the underlying case. Indeed, although CafePress has not itemized its requested fees in detail, it would appear that a substantial portion of those fees accrued following CafePress' dismissal with prejudice from the case. Under these circumstances, the Court declines to use its "inherent powers" to force Plaintiff to foot the bill for CafePress' fees. *See, e.g., Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (federal courts possess certain "inherent powers" including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process. And one permissible sanction is an 'assessment of attorney's fees.'" But "such a sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature.").

CafePress also seeks sanctions under the Lanham Act, 5 U.S.C. § 1117(a), arguing that this case is exceptional [78]. A case is "exceptional" under § 1117(a) if it "amounts to an 'abuse of process.'" *LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384, 386 (7th Cir. 2019) (quoting *Burford v. Accounting Practice Sales, Inc.*, 786 F.3d 582, 588 (7th Cir. 2015); *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958, 963–64 (7th Cir. 2010)). An "abuse of process occurs when a claim is: (1) 'objectively unreasonable because it is one a rational litigant would pursue only because it would impose disproportionate costs on his opponent' (in other words, extortionate in nature); or (2) when a party brings a frivolous claim with the purpose of obtaining an advantage external to the litigation, 'unrelated to obtaining a favorable judgment.'" *Id.* (quoting *Burford*, 786 F.3d at 588; *Nightingale*, 626 F.3d at 966). "Litigation conduct must rise to the level of oppressive in order to justify declaring a case exceptional." *TE-TA-MA Truth Found.-Fam. of URI, Inc. v. World Church of the Creator*, 392 F.3d 248, 264 (7th Cir. 2004).

Based on the record, the Court cannot say that this is such a case. Contrary to CafePress' argument, this appears to be a case where "Plaintiff has genuine rights and merely bungled service of process in an isolated instance of innocent negligence." *See* [79] at 12. To the extent Plaintiff mistakenly included CafePress in this lawsuit, it immediately rectified the situation when CafePress reached out. Defendants were served 5/20/21, CafePress filed an appearance 5/23/21, and Plaintiff dismissed the case with prejudice as to CafePress on 5/24/21. This timetable undermines CafePress' claim that Plaintiff unreasonably persisted in its claims, only relenting when CafePress threatened to file a sanctions motion. The docket disproves CafePress' claim of unrelenting persistence.

On the record before it, the Court declines to find that Plaintiff engaged in the type of oppressive tactics or abuse of process that would warrant sanctions or an award of fees. To the extent Plaintiff potentially overreached by including CafePress in a complaint targeting foreign counterfeiters, CafePress has similarly overreached in pursuing sanctions. Although CafePress may raise legitimate service issues, the question of infringement would very much remain an open question if Plaintiff had not dismissed the case. Plaintiff initially offered evidence to support its claim and request for injunctive relief, and in response to CafePress' motion, has offered additional evidence in support. Such evidence—including the declaration from Plaintiff's founder concerning the company's intellectual property, brand protection strategies, and infringement investigation, [89], and the declaration concerning pre-filing investigation of counterfeit products offered on Defendants' sites on Amazon and other sites, [9-3]—substantially undermines CafePress' trolling arguments. Such evidence also counters CafePress' claims of abuse of process and bad faith, further supporting the decision not to award sanctions. *See, e.g., Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009) (inherent power sanctions are appropriate to compensate for willful abuse of the judicial process or other bad faith in conducting the litigation).

CafePress may also have overstated the harm resulting from the brief imposition of injunctive relief against it. CafePress represents that Plaintiff froze several hundred thousand dollars of CafePress' funds, [79] at 9. But Plaintiff offers evidence to show that the Court's orders resulted in the freezing of $50,157.90, an undeniably substantial sum, but significantly less than what CafePress claims. [88] at 10–11. And, in any event, the freeze was short-lived; Plaintiff immediately took steps to unfreeze the assets by 5/27/21.

Based upon the record before it, the Court declines to sanction Plaintiff and to award CafePress the fees and costs it incurred after being dismissed with prejudice from this case. The Court denies CafePress' motion for fees [78] and denies as moot Plaintiff's motion to strike Goldman's declaration [90] and motion to file an additional declaration [100]. Concerning the litigation against remaining Defendants, the Court

denies without prejudice Plaintiff's motion for default [97], as Plaintiff has dismissed this case with respect to numerous Defendants since filing that motion. As stated above, if Plaintiff wishes to proceed in this manner, it must file a new motion, with a revised proposed order and revised Schedule A. Additionally, Plaintiff shall respond to Defendant JIAJU-DJ's motion to dismiss [115] by 4/8/22, and Defendant JIAJU-DJ shall file any reply by 4/15/22.

Dated: March 23, 2022

Entered:

_____
John Robert Blakey
United States District Judge